THE STATE OF OHIO *v.* BACON.

[Cite as State v. Bacon, 17 Ohio Misc. 105.]

(No. 7924—Decided January 20, 1969.)

Common Pleas Court of Gallia County.

*Mr. Hamlin C. King*, prosecuting attorney, for plaintiff.

*Mr. William P. Cherrington*, for defendant.

CALHOUN, J.  The defendant, James Bacon, on the 25th day of July, 1966, entered a plea of guilty to the crime of sodomy as charged under Section 2905.44, Revised Code, and, in accordance with the provision of Section 2947.25, Revised Code, infra, was sent to Lima State Hospital for examination.  On September 28, 1966, the defendant was returned to this court for sentencing and appropriate commitment, at which time a hearing was conducted to determine if the defendant was mentally ill, a mentally deficient offender, or a psychopathic offender, and at that hearing, it was found that the defendant was a psychopathic offender.

The defendant was then sentenced to imprisonment for a period of not less than one nor more than 20 years and at the same time, the court entered an order of indefinite commitment to the Department of Mental Hygiene and Correction and the suspension of the execution of the sentence during the continuance of such indefinite commitment, all pursuant to Section 2947.25, Revised Code, infra.

On the 27th of December, 1968, this court received a written report dated December 18, 1968, from the Coordinator of Psychiatric Criminology, that contained its findings and recommendations.

On the 9th day of January, 1969, this court scheduled a hearing, with notice to defendant's counsel, for January 15, 1969, in order to determine the proper disposition of the defendant. The hearing was held and the court ordered and received a written probation report.

Probation has been requested and the court now must determine the proper disposition of the defendant, but before making any decision the court must first determine the extent of its authority.

It is noted that in 1967 the Legislature made several additions to Sections 2947.25 and 2947.27, Revised Code, infra, and certain of those additions granted the Ohio Common Pleas Courts extended authority for commitment and probation.

Section 2947.25, Revised Code, as amended effective December 13, 1967, reads as follows:

"After conviction and before sentence, a trial court shall refer for examination all persons convicted under Sections 2903.01, 2905.01, 2905.02, 2905.03, 2905.04, 2905.07, or 2905.44 of the Revised Code, and all persons convicted of abusing, beating, torturing, starving, or otherwise causing physical injury to a child to the Department of Mental Hygiene and Correction or to a state facility designated by the department, or to a psychiatric clinic approved by the department, or to three psychiatrists. Prior to sentence the court may refer for such examination *any person who has been convicted of any felony* except murder in the first degree where mercy has not been recommended, or any

misdemeanor when it has been suggested or appears to the court that such person is mentally ill, or a mentally deficient offender or a psychopathic offender. Reference to the department, clinic, or psychiatrists shall be for a period of not more than sixty days.

"The department, clinic, or psychiatrists shall make a careful examination of such person and furnish to the court a report in writing of the finding as to the mental condition of the person at the time of examination, together with such recommendations, suggestions, and opinions as may be helpful to the court, which report shall also contain the names and addresses of the parties making the examination. Such report is a public record and becomes a part of the files in the case but shall not be spread at large upon the journal. A certified copy of such report shall be served upon such person's attorney of record within three days after the filing thereof with the court, and shall be furnished to such person on his written request. If any psychiatric examiner or psychologist not on the staff of any such psychiatric clinic or the department or a state facility designated by the department is so appointed, the cost thereby incurred shall be determined by the court and allowed and taxed as costs and paid in the same manner as witness fees in criminal cases.

"The court shall conduct a hearing thereon not earlier than ten nor later than thirty days after the service of such copies of the report. Both the state and such person, his guardian, or next friend may appear in person or by counsel at such hearing, subpoena, examine, and cross-examine the examiners making the report, regardless of the part of the state in which the examiners may live, and produce witnesses, both lay and expert, as to the mental condition of such person. In the event and to the extent that no subpoenas are issued for the examiners to appear at the hearing, the report or such part of it as was prepared by the examiners for whom no subpoena was issued is prima-facie evidence.

"If upon consideration of such report and such other evidence as is submitted, the court finds that such person

is mentally ill as defined in Section 5122.01 of the Revised Code, and is subject to hospitalization as provided in Section 5122.15 of the Revised Code or is a mentally deficient offender or a psychopathic offender as defined in Section 2947.24 of the Revised Code, the court shall enter such finding on the records and shall either:

"(A) *Place the defendant on probation under Sections 2951.02 to 2951.12, inclusive, of the Revised Code;*

"(B) Impose the appropriate sentence for the offense of which the person was convicted. At the same time the court shall enter an order of indefinite commitment of such person to the department, during the continuance of which the execution of sentence shall be suspended. Thereupon such person shall be sent to an appropriate institution designated by the department. If the department, because of lack of facilities, fails to designate an appropriate institution, such person shall be sent to the institution to which he would have been sentenced had he not been adjudged mentally ill, a mentally deficient offender, or a psychopathic offender. Such orders of indefinite commitment shall show the offense of which such person was convicted and the minimum and maximum penalties therefor. Certified copies of said order, and the reports of the examiners, unless submitted by the department, shall be sent to the department. Every order of indefinite commitment is a final order.

"Motions for a new trial, bail, and appeal on questions of law are applicable to such cases.

"Any finding under Sections 2947.24 to 2947.29, inclusive, of the Revised Code, that a person is mentally ill, a mentally deficient offender, or a psychopathic offender, is a final order.

"This section shall not apply to teachers punishing children in accordance with school policy regarding such punishment.

"If upon consideration of the report and such other evidence as is submitted, the court finds that a person convicted under Sections 2903.01, 2905.01, 2905.02, 2905.03, 2905.04, 2905.07, or 2905.44 of the Revised Code, or a person

convicted of abusing, beating, torturing, starving, or otherwise causing physical injury to a child and who has the care and custody of a child or children is, by reason of mental condition, unfit, unable, or incapable of properly and adequately caring for children, the court shall order the child or children removed from the care and custody of the person found unfit and placed as authorized for the placement of dependent children under jurisdiction of the court.'' (Emphasis added by the court to pertinent amendments.)

Section 2947.27, Revised Code, as amended effective February 13, 1967, reads as follows:

''Whenever a person committed under Section 2947.25 of the Revised Code, has recovered, or his condition appears to have improved to such an extent that he no longer needs the special custody, care, or treatment of such institution, the superintendent of the institution shall report the facts to the coordinator of psychiatric criminology in writing, who may order further examination and report of such person. If such person has recovered or is sufficiently improved to justify such action, the coordinator shall certify said report or reports and its findings and recommendations to the court which tried such person, and such court shall thereupon hold a hearing on such matter not earlier than ten days nor later than thirty days after the delivery of such report to the court to determine the proper disposition of the person committed under Section 2927.25 of the Revised Code. Both the state and such person, his guardian or next friend, may appear in person or by counsel at such hearing and each party shall have the right to subpoena, examine, or cross-examine witnesses. After reviewing the findings and recommendations of the coordinator and the reports of the superintendent, and after considering the evidence offered at the hearing and any written report of investigation made by a probation officer in accordance with Section 2951.03 of the Revised Code, the court shall issue one of the following orders:

''(A) If the person has been confined for a period less than the maximum sentence for the offense of which he

was convicted, the order shall terminate the indefinite commitment. Thereupon the sentence which was suspended under such section shall forthwith go into effect and the person shall be transferred to the appropriate penal or reformatory institution. Thereafter he is subject to the jurisdiction of the court or the adult parole authority. For the purposes of reckoning the eligibility of such person for parole or discharge, the time of confinement under an order of indefinite commitment in accordance with such section, shall be counted as time served with good behavior under the applicable sentence.

"(B) If such person has been confined for a period equaling or exceeding the maximum sentence for the offense of which he was convicted, the order shall provide that the person be placed on trial visit under supervision. If, after a suitable period of supervision on trial visit, the director, upon the written recommendation of the commissioner, is satisfied that the person no longer requires supervision, the indefinite commitment and the sentence suspended under such section shall be terminated and the person shall be discharged from the legal control and custody of the Department of Mental Hygiene and Correction.

"(C) *If the court finds that the character of the defendant and his recovery and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct and that the public good does not demand or require that the original sentence be carried out, the judge may suspend the further execution of the sentence and place the defendant on probation in accordance with the provisions of Sections 2951.02 to 2951.12, inclusive, of the Revised Code.*" (Emphasis added by the court to pertinent amendments.)

From first reading Section 2947.27 (C), Revised Code, and without reference to other sections of the Code, it appears that the Legislature has granted the Ohio Common Pleas Courts the authority to suspend further execution of the sentence and to place the defendant on probation, at the court's discretion, where the defendant is convicted of any crime mentioned in Section 2947.25, Revised

Code, including forceable rape of a minor female under the age of twelve years, or *any felony*, except first degree murder, provided the defendant has been indefinitely committed under Section 2947.25, *supra*.

However, the Legislature did place some limitations on the court's discretion to issue probation by the following pertinent language from Section 2947.27 (C), *supra*.

"* * * the Judge may suspend the further execution of the sentence and place the defendant on probation *in accordance with* the provisions of Sections 2951.02 to 2951.12, *inclusive*, of the Revised Code."

Section 2951.04, Revised Code, reads as follows:

"No person convicted of murder, arson, burglary of an inhabited dwelling house, incest, sodomy, rape without consent, assault with intent to rape, or administering poison shall be placed on probation."

This court is of the opinion that Section 2951.04, Revised Code, is the controlling section, and that Section 2947.27 (C), Revised Code, does *not* grant the Ohio Common Pleas Courts the authority to grant probation to those persons convicted of the crimes of murder, arson, burglary of an inhabited dwelling house, incest, sodomy, rape without consent, assault with intent to rape, or administering poison.

Section 2947.27 (C), Revised Code, does, however, grant the Ohio Common Pleas Courts the authority to *now* grant probation even *after sentencing* and *commitment* for those persons who have been convicted under Sections 2903.01, 2905.03, 2905.04, Revised Code, and all persons convicted of abusing, beating, torturing, starving, or otherwise causing physical injury to a child, or any other felony except those set forth in Section 2951.04, Revised Code, *provided* the commitment is pursuant to Section 2947.-25 (B), *supra*, and further provided that the probation is granted at the time of the return of the defendant by Department of Mental Hygiene and Correction from a state mental institution and before the defendant's commitment to a state penal institution.

It seems to this court that if we were to interpret

Section 2947.27 (C), *supra,* as granting this court the authority to place a defendant on probation who had been convicted of a crime listed in Section 2951.04, *supra,* that we would then, necessarily, also be required to interpret Section 2947.25 (A), *supra,* as granting the Ohio Common Pleas Courts the authority to place the defendant on probation before sentencing and without commitment to the Department of Mental Hygiene and Correction. Such an interpretation would have the effect of judicially repealing Section 2951.04, Revised Code.

It also seems apparent to this court that the use of the words "in accordance with the provisions of Section 2951.02 to 2951.12, inclusive, of the Revised Code" are synonymous with the following words: "in accordance with the provisions of Sections 2951.02, 2951.03, *2951.04,* 2951.05, 2951.06, 2951.07, 2951.08, 2951.09, 2951.10, 2951.11, and 2951.12, of the Revised Code."

If the Legislature had used the latter language, which this court considers synonymous with the language actually used, then, in that event, the Legislature would unquestionably have provided that no probation may be granted under Section 2947.27 (C), Revised Code, for those offenses set forth in Section 2951.04, Revised Code.

For the above stated reasons, this court hereby finds that Section 2947.27 (C), Revised Code, does *not* grant this court the authority to extend probation to the defendant, James Bacon, and accordingly the court orders that the defendant be remanded to the Ohio Penitentiary for further execution of his sentence.